UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD LEE COLLINS,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 13-cv-03456-MEJ<br><br>**ORDER RE: MOTION TO CONSOLIDATE CASES**<br><br>Re: Dkt. No. 35 |
| ARNOLD CHEW,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 13-cv-05286-MEJ |
| GREGG S. BOSNAK,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | Case No. 14-cv-01429-MEJ |

**I.  INTRODUCTION**

Pending before the Court is Plaintiffs Leonard Lee Collins, Jr., Arnold Chew, and Gregg S. Bosnak's ("Plaintiffs") Motion to Consolidate their cases (*Collins v. City and County of San Francisco*, C-13-3456 MEJ, *Chew v. City and County of San Francisco*, C-13-5286 MEJ, and *Bosnak v. City and County of San Francisco*, C-14-1429 MEJ) under Federal Rule of Civil Procedure 42.  Dkt. No. 35.[1]  Defendants have filed an Opposition to the motion (Dkt. No. 37).

---

[1] As all three Plaintiffs are represented by William C. McNeill, the motion was filed in *Collins v. City and County of San Francisco*, C-13-3456 MEJ, on behalf of all three Plaintiffs.

1    The Court finds this matter suitable for disposition without oral argument and therefore

2    VACATES the November 20, 2014 hearing.  *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).  For the

3    reasons discussed below, the motion to consolidate is DENIED.

## II. BACKGROUND

### A.   Leonard Collins (13-3456)

Plaintiff Leonard Collins describes himself as "an American male of recent African origin [Black]."  Collins First Am. Compl. ¶ 4, Dkt. No. 20.  He has been employed by Defendant City and County of San Francisco ("the City") as a chef at Defendant Laguna Honda Hospital and Rehabilitation Center ("Laguna Honda") since July 1, 2010.  *Id.* ¶ 5.  Defendant Edward Shiels is Collins' immediate supervisor.  *Id.* ¶ 15.  Defendant Steven Koneffklatt was Collins' second level supervisor until May of 2013.  *Id.* ¶ 17.

Collins alleges that he has suffered "racially hostile action" that no non-Black chefs have faced.  *Id.* ¶ 35.  This includes bad performance ratings in retaliation for his complaints of racially-tinged behavior toward him, changes in his work schedule, failure to train, discipline for alleged violations of the attendance policy, and pressure to change his evaluations of his staff.  *Id.* ¶¶ 48, 52-53, 56-57.  Collins brings the following causes of action: (1) discrimination based on race in violation of FEHA, Cal. Gov't Code § 12940(a); (2) creation of a racially hostile atmosphere under Cal. Gov't Code § 12920; (3) Race-Based Discrimination under Title VII; (4) failure to prevent discrimination and harassment in violation of FEHA, Cal. Gov't Code § 12940(k); (5) discrimination based on race in violation of 42 U.S.C. § 1981; and (6) discrimination based on race in violation of 42 U.S.C. § 1983.

### B.   Arnold Chew (13-5286)

Plaintiff Arnold Chew describes himself as "a male of Asian Origin."  Chew Compl. ¶ 4, Dkt. No. 1.  He has been employed by the City as a Nutrition Service Supervisor at Laguna Honda since 1998.  *Id.* ¶ 21.

After Collins was transferred to the same department in 2010, their work schedules overlapped.  *Id.* ¶ 25.  Chew noticed that Collins was having problems with the e-mail and computer system, and he offered to help with that aspect of Collins' job since it was his

understanding that Collins' former position did not require the use of such systems. *Id.* ¶¶ 28, 31. Chew alleges that Koneffklatt "seemed to be one of a couple of managers who had it out for Mr. Collins," and confronted Chew about helping him with the e-mail system. *Id.* ¶¶ 33-34. Koneffklatt allegedly yelled, "I will fly off my lid if I find out that you are doing this again." *Id.* ¶ 36. After this incident, Chew contends that his schedule changed; he was written up, investigated, and counseled on numerous occasions, culminating in a six month performance plan; he was disciplined for minor mistakes; and given a five day suspension without pay. *Id.* ¶¶ 41, 46, 53. He brings the following causes of action: (1) retaliation in violation of Title VII; (2) associational discrimination claims under Title VII and 42 U.S.C. § 1981; (3) relation in violation of 42 U.S.C. § 1981; (4) retaliation in violation of FEHA, Cal. Gov't Code § 12940(h); (5) associational discrimination in violation of FEHA, Cal. Gov't Code § 12940(a); and (6) failure to prevent discrimination in violation of FEHA, Cal. Gov't Code § 12940(k). He names the City and Laguna Honda as Defendants.

## C.     Gregg Bosnak (14-1429)

Plaintiff Gregg Bosnak describes himself as "an American male of European origin." Bosnak First Am. Compl. ¶ 4, Dkt. No. 11. He was employed by the City as a chef at Laguna Honda initially from April 7, 2008 until June 25, 2010, and then again from February 21, 2012 until April 26, 2013. *Id.* ¶¶ 3, 5. Bosnak lost his position as a chef on June 25, 2010 when he was displaced by another person who allegedly had seniority rights over him from another City department. *Id.* ¶ 11. He was reemployed at Laguna Honda on February 21, 2012, with the working title of cook, employment class No. 2654. *Id.* ¶ 12.

Bosnak alleges that he was "written up on small and trumped-up charges of misbehavior-some of which others have not been disciplined," and that the allegations against him "were for behaviors that did not occur, or where similarly situated others were not so disciplined." *Id.* ¶¶ 41-42. He further alleges that he "was not allowed the benefit of progressive discipline that is outlined in the Memorandum of Understanding" with the City prior to his termination. *Id.* ¶¶ 43-45. He contends that others similarly situated with him but of different racial backgrounds were not disciplined for comparable behaviors. *Id.* ¶ 47. Bosnak maintains that it was "well known"

that he "was and is friends with Messrs. Leonard Lee Collins, Jr. and Arnold Chew," and that he "had been supportive of these two gentlemen with regard to their issues regarding employment equal opportunity." *Id.* ¶¶ 48-49.  He brings the following causes of action: (1) retaliation in violation of Title VII; (2) associational discrimination in violation of Title VII; (3) disparate treatment in violation of Title VII; disparate treatment based on race in violation of FEHA, Cal. Gov't Code. § 12940(a); and (4) retaliation in violation of FEHA, Cal. Gov't Code § 12940(h).  He names the City and Laguna Honda as Defendants.

### D. Procedural Background

Collins filed his initial complaint in San Francisco Superior Court on December 18, 2012, and Defendants subsequently removed it to this Court on July 25, 2013, at which time it was assigned to the undersigned.  On December 9, 2013, the Court issued a Case Management Order, with a discovery cut-off date of August 5, 2014, and a trial date of February 23, 2015.  Collins filed an Amended Complaint on March 6, 2014.

Chew filed his complaint on November 14, 2013 in this Court.  Judge Jon Tigar issued a Scheduling Order on May 28, 2014, with a discovery cut-off date of December 12, 2014, and a trial date of July 27, 2015.  On June 9, 2014, Collins filed a motion to relate the Collins and Chew cases, which was unopposed by Defendants.  The two cases were related on June 10, 2014.  The Court subsequently granted the parties' stipulation to coordinate the deadlines and hearings for the Collins and Chew cases, so that they would remain separate, but be in lockstep with each other.  Under the revised schedule, the discovery cut-off is December 5, 2014 for Collins and January 6, 2015 for Chew, while the trial date is June 22, 2015 for Collins and July 27, 2015 for Chew.

Bosnak filed his complaint on March 28, 2014.  His original complaint was dismissed with leave to amend by Magistrate Judge Jacqueline Corley on May 19, 2014, and Bosnak filed his First Amended Complaint on June 5, 2014.  On September 23, 2014, Collins filed a motion to relate the Collins and Bosnak cases.  Defendants filed no opposition, and the two cases were related on September 30, 2014.  No case management conference has been held.

On October 8, 2014, Plaintiffs filed the present motion, arguing that their cases should be consolidated pursuant to Federal Rule of Civil Procedure 42(a).

### III. LEGAL STANDARD

If actions before the court "involve a common question of law or fact," the court may consolidate the actions. Fed. R. Civ. P. 42(a). A court has broad discretion in determining whether to consolidate actions pending in the same district. *Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) (citations omitted). In determining whether or not to consolidate cases, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984).

### IV. DISCUSSION

In their motion, Plaintiffs argue that "all three of these related cases involve common questions of law and fact in that they allege violations of statutes prohibiting employment discrimination primarily carried out by the same people in the same department in the same facility, namely Laguna Honda Hospital and Rehabilitation Center." Mot. at 1. Plaintiffs further argue that, "by making the determination that these cases are related, this Court has determined that there are questions and issues in common." *Id.* at 4.

Defendants oppose the motion, maintaining that consolidation on the basis of common questions of law or fact is outweighed by the risk of undue delay because consolidation would extend the time required to conclude at least two of the cases, and it would also cause unfair prejudice and undue burden on Defendants because the cases are at substantially different stages of preparation. Opp'n at 2. Defendants also argue that consolidation would result in confusion to witnesses and the jury due to facts and issues arising from different time periods, facts, and issues. *Id.*

Upon review of the parties' positions, the Court is not convinced that consolidation of the actions in this situation would promote judicial economy in a fair and just manner. First, as Defendants point out, the underlying factual basis of each party's claims are somewhat different. While Chew and Bosnak claim associational discrimination in that they allege that they suffered discrimination as a result of their friendship with Collins, that is where the similarity in their cases end. The facts, circumstances, witnesses and time periods supporting each Plaintiff's claims vary,

and to combine discovery and trial in these three cases would lead to unnecessary confusion.

Second, coordination of the cases for pretrial and trial proceedings is unnecessary. All three cases are pending in the same court, assigned to the same judge. If pretrial coordination does become necessary at some point, it can be easily accomplished through the issuance of discrete joint orders or the scheduling of joint hearings without the need for actual consolidation. As such, consolidating the cases for pretrial proceedings or otherwise is neither more efficient nor more effective than simply maintaining the cases on separate, yet similar, litigation tracks.

Third, the Collins and Chew cases are both nearing their discovery cut-offs, yet no case management schedule has issued in Bosnak. Defendants note that the discovery cut-off in Collins, a case which was first filed nearly two years prior to the present motion, has already been delayed by its relation to the Chew case. Opp'n at 6. The trials in Collins and Chew are set in close proximity, with Collins scheduled June 22, 2015, and Chew scheduled July 27, 2015, but no trial date has been scheduled in Bosnak. To consolidate these three actions into one at this late stage in two of the three cases would cause unnecessary delay and potentially prejudice Defendants.

In conclusion, while there may be some common questions of fact or law, the Court sees no overriding benefit to coordinating these three cases. Based on what has been presented, it does not appear that consolidation would promote the purpose underlying Rule 42, and could instead create inefficiency, confusion and potential prejudice.

## V.  CONCLUSION

Based on the analysis above, the Court DENIES Plaintiffs' motion to consolidate.

**IT IS SO ORDERED.**

Dated:  October 24, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge