UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD LEE COLLINS,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>  Defendants. | Case No. 13-cv-03456-MEJ<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 39 |
| ARNOLD CHEW,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>  Defendants. | Case No. 13-cv-05286-MEJ |
| GREGG S. BOSNAK,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>  Defendants. | Case No. 14-cv-01429-MEJ |

## I. INTRODUCTION

In these three related cases, the parties have submitted a joint discovery letter brief regarding whether or not the plaintiffs in each related case are to be present for the depositions of the other plaintiffs.[1] Counsel met and conferred in person on October 22, 2014, but were unable

---

[1] Filed at Dkt. No. 39 in *Collins v. City and County of San Francisco*, C-13-3456 MEJ; Dkt. No. 38 in *Chew v. City and County of San Francisco*, C-13-5286 MEJ; and Dkt. No. 29. *Bosnak v. City and County of San Francisco*, C-14-1429 MEJ.

to resolve the dispute. Having considered the parties' positions, relevant legal authority, and the record in this case, the Court issues the following order.

## II. BACKGROUND

### A.   Leonard Collins (13-3456)

Plaintiff Leonard Collins describes himself as "an American male of recent African origin [Black]." Collins First Am. Compl. ¶ 4, Dkt. No. 20. He has been employed by Defendant City and County of San Francisco ("the City") as a chef at Defendant Laguna Honda Hospital and Rehabilitation Center ("Laguna Honda") since July 1, 2010. *Id.* ¶ 5. Collins alleges that he has suffered "racially hostile action" that no non-Black chefs have faced. *Id.* ¶ 35. This includes bad performance ratings in retaliation for his complaints of racially-tinged behavior toward him, changes in his work schedule, failure to train, discipline for alleged violations of the attendance policy, and pressure to change his evaluations of his staff. *Id.* ¶¶ 48, 52-53, 56-57. Collins brings the following causes of action: (1) discrimination based on race in violation of FEHA, Cal. Gov't Code § 12940(a); (2) creation of a racially hostile atmosphere under Cal. Gov't Code § 12920; (3) Race-Based Discrimination under Title VII; (4) failure to prevent discrimination and harassment in violation of FEHA, Cal. Gov't Code § 12940(k); (5) discrimination based on race in violation of 42 U.S.C. § 1981; and (6) discrimination based on race in violation of 42 U.S.C. § 1983.

### B.   Arnold Chew (13-5286)

Plaintiff Arnold Chew describes himself as "a male of Asian Origin." Chew Compl. ¶ 4, Dkt. No. 1. He has been employed by the City as a Nutrition Service Supervisor at Laguna Honda since 1998. *Id.* ¶ 21. After Collins was transferred to the same department in 2010, their work schedules overlapped. *Id.* ¶ 25. Chew noticed that Collins was having problems with the e-mail and computer system, and he offered to help with that aspect of Collins' job since it was his understanding that Collins' former position did not require the use of such systems. *Id.* ¶¶ 28, 31. Chew alleges that a manager confronted him about helping Collins with the e-mail system. *Id.* ¶¶ 33-34. After this incident, Chew contends that his schedule changed; he was written up, investigated, and counseled on numerous occasions, culminating in a six month performance plan; he was disciplined for minor mistakes; and given a five day suspension without pay. *Id.* ¶¶ 41, 46,

1   53.  He brings the following causes of action: (1) retaliation in violation of Title VII; (2)
2   associational discrimination claims under Title VII and 42 U.S.C. § 1981; (3) relation in violation
3   of 42 U.S.C. § 1981; (4) retaliation in violation of FEHA, Cal. Gov't Code § 12940(h); (5)
4   associational discrimination in violation of FEHA, Cal. Gov't Code § 12940(a); and (6) failure to
5   prevent discrimination in violation of FEHA, Cal. Gov't Code § 12940(k).

### C.  Gregg Bosnak (14-1429)

Plaintiff Gregg Bosnak describes himself as "an American male of European origin." Bosnak First Am. Compl. ¶ 4, Dkt. No. 11.  He was employed by the City as a chef at Laguna Honda initially from April 7, 2008 until June 25, 2010, and then again from February 21, 2012 until April 26, 2013.  *Id.* ¶¶ 3, 5.  Bosnak lost his position as a chef on June 25, 2010 when he was displaced by another person who allegedly had seniority rights over him from another City department.  *Id.* ¶ 11.  He was reemployed at Laguna Honda on February 21, 2012, with the working title of cook, employment class No. 2654.  *Id.* ¶ 12.

Bosnak alleges that he was "written up on small and trumped-up charges of misbehavior-some of which others have not been disciplined," and that the allegations against him "were for behaviors that did not occur, or where similarly situated others were not so disciplined."  *Id.* ¶¶ 41-42.  He further alleges that he "was not allowed the benefit of progressive discipline that is outlined in the Memorandum of Understanding" with the City prior to his termination.  *Id.* ¶¶ 43-45.  He contends that others similarly situated with him but of different racial backgrounds were not disciplined for comparable behaviors.  *Id.* ¶ 47.  Bosnak maintains that it was "well known" that he "was and is friends with Messrs. Leonard Lee Collins, Jr. and Arnold Chew," and that he "had been supportive of these two gentlemen with regard to their issues regarding employment equal opportunity."  *Id.* ¶¶ 48-49.  He brings the following causes of action: (1) retaliation in violation of Title VII; (2) associational discrimination in violation of Title VII; (3) disparate treatment in violation of Title VII; disparate treatment based on race in violation of FEHA, Cal. Gov't Code. § 12940(a); and (4) retaliation in violation of FEHA, Cal. Gov't Code § 12940(h).

### D.  Depositions

The City noticed Plaintiff Collins for deposition on Wednesday, October 22, 2014.  Jt. Ltr.

at 1. On the day of deposition, in addition to Plaintiff Collins, Plaintiffs' counsel arrived with Plaintiffs Chew and Bosnak, and informed the City's counsel that they too would be present at the deposition of Mr. Collins, although Plaintiff had not previously given the City notice that Mr. Chew and Mr. Bosnak would be at the deposition. *Id.* The City objected on the grounds that the presence of Mr. Chew and Mr. Bosnak would unduly influence the testimony of Mr. Collins; that Collins' testimony may be altered to cater to these interested witnesses; that any conflict of interest between Mr. Collins' case and the witnesses' cases would impact his testimony; and that counsel could not be certain that the three Plaintiffs would not compare notes during the breaks. *Id.* In addition, the City objected that the presence of Mr. Chew and Mr. Bosnak at the Mr. Collins' deposition would impact those Plaintiffs' testimony at their subsequent depositions. *Id.*

After an attempt to resolve the dispute amicably, Mr. Chew and Mr. Bosnak refused to leave and the deposition did not go forward. *Id.* at 1-2. The City now seeks a protective order pursuant to Federal Rule of Civil Procedure ("Rule") 26(c)(1)(E) excluding each of the three plaintiffs from the depositions of the plaintiffs in the related cases, and also excluding each of them from reviewing the deposition transcripts of the others. *Id.* at 2.

### III.  LEGAL STANDARD

Rule 26(c)(1)(E) provides that the Court may enter a protective order which "designat[es] the persons who may be present" during the deposition upon showing "good cause" that the party requires protection from "annoyance, embarrassment, oppression or undue burden or expense." To make a showing of good cause, the movant has the burden of showing the injury "with specificity." *Pearson v. Miller*, 211 F.3d 57, 72 (3d Cir. 2000). In other words, the party seeking the protective order must show good cause by demonstrating a particular need for protection. *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986). To establish good cause, a party seeking a protective order must set forth particular and specific demonstrations of fact, as distinguished from stereotyped and conclusory statements. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981); *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. *Cipollone*, 785 F.2d at 1121 (citing *United States v. Garrett*, 571 F.2d 1323, 1326, n.3 (5th

1    Cir. 1978)) (requiring "a particular and specific demonstration of fact as distinguished from
2    stereotyped and conclusory statements").  Moreover, the alleged harm must be significant, not a
3    mere trifle.  *Id.* (citing *Joy v. North*, 621 F.2d 880, 894 (2d Cir. 1982)).

## IV.  DISCUSSION

In the letter, the City maintains that allowing each Plaintiff to be present for the depositions of the others would allow them a chance to compare and alter their statements to ensure consistency, which would impair its efforts to discover the facts and therefore unfairly prejudice the City.  Jt. Ltr. at 3.  Allowing them to examine the deposition transcripts will similarly impair its efforts to obtain each Plaintiff's independent recollection of events.  *Id.*  In response, Plaintiffs argue that the City makes only "stereotypical arguments," and that the mere threat of prejudice does not establish good cause to exclude them.  *Id.* at 4.

Having reviewed the parties' arguments, the Court finds that the City has not made a particular and specific demonstration of fact sufficient to warrant a protective order precluding Plaintiffs from attending each other's depositions or reviewing their testimony.  "Courts have rejected requests for sequestration based on broad allegations that if witnesses attend the depositions of other witnesses, they will conform their testimony."  *Ford Motor Co. v. Edgewood Props., Inc.*, 2010 WL 3001211, at *2 (D.N.J. July 28, 2010); *Visor v. Sprint/United Mgmt. Co.*, 1997 WL 567923, at *3 (D. Colo. Aug. 18, 1997) ("Tactical considerations such as a desire to secure the independent recollection of witnesses or avoid the tailoring of testimony are per se not compelling and will not justify exclusion.").

Instead, exclusion is typically warranted when the moving party makes a substantiated showing of potential harm or other articulated reasoning.  *See¸e.g.*, *Monroe v. Sisters of Saint Francis Health Servs., Inc.*, 2010 WL 4876743, at *3 (N.D. Ind. Nov. 23, 2010) (excluding supervisors in an employment discrimination case where the plaintiff had a history of depression, and the presence of the supervisors could have an intimidating effect on his testimony and negatively impact the plaintiff's health); *Dade v. Willis*, 1998 WL 260270, *2 (E.D. Pa. Apr. 20, 1998) (excluding officers from a victim's deposition in a police brutality case because their presence would affect the accuracy of the victim's testimony); *Adams v. Shell Oil Co.*, 136 F.R.D.

615, 617 (E.D. La. 1991) (excluding corporate representatives from a deposition because of their intimidating influence on the deponent's testimony).

Further, "Defendant is well-equipped to use the Federal Rules to shed doubt on witness testimony allegedly tainted by attendance at another witness' deposition, without Court interference in [Plaintiffs'] presumptive right to be present at each others' depositions." *E.E.O.C. v. JBS USA, LLC*, 2012 WL 934205, at *2 (D. Colo. Mar. 20, 2012).

## V.  CONCLUSION

Based on the analysis above, the Court finds that no compelling circumstances exist to issue a protective order.  Accordingly, the City's request is DENIED.

**IT IS SO ORDERED.**

Dated:  October 30, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge